UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA LEE HUNNICUTT<br>Plaintiff | ) ) ) ) | Case Number |
| vs. | ) ) ) | CIVIL COMPLAINT |
| OXFORD MANAGEMENT SERVICES<br>Defendant | ) ) ) ) ) | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Laura Lee Hunnicutt, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Laura Lee Hunnicutt (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains an office in this District.

## III. PARTIES

4. Plaintiff, Laura Lee Hunnicutt ("Plaintiff") is an adult natural person with a mailing address of 1452 E. Sheridan Street, Phoenix, Arizona 85006.

5. Defendant, Oxford Management Services. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Arizona and the Commonwealth of Pennsylvania with a place of business located at 409 Lackawana Avenue, Suite 800, Scranton, Pennsylvania 18503-2059.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around October 2009, Plaintiff began receiving calls from Defendant regarding an alleged debt owed to Pinnacle Career Institute.

8. Plaintiff lives with her mother and stepfather with an unlisted number under her stepfather's last name.

9. On or about October 21, 2009, Plaintiff's mother received a phone call from Defendant's agent, "Tray Pike", informing her that she better put her daughter on the "damn phone."

10. Plaintiff's mother asked where Defendant was calling from and what the phone call was in regards to. Defendant refused to give any information.

11. Defendant's agent said "I know she is home and you better put her on the phone immediately". Plaintiff's mother hung up the phone at that point.

12. Defendant's agent called again less than 15 seconds later once again demanding that Plaintiff's mother put Plaintiff on telephone and indicated she did not know what he could do to her if she did not put her on the telephone.

13. Plaintiff's mother informed Defendant's agent to stop calling or else she was going to contact her local police department. Defendant's agent responded, "Call the police and see what happens to your daughter."

14. Plaintiff's mother asked Defendant if he was a police officer and he refused to answer.

15. Plaintiff's mother again hung up the phone and immediately looked at the caller i.d. The phone call registered a number that was determined to be that of Defendant.

16. On or about November 19, 2009, Plaintiff called Defendant to see what the original telephone call was regarding. Defendant's agent informed Plaintiff they were collecting for Pinnacle Career Institute. Pinnacle was a school Plaintiff applied for but never attended.

17. Plaintiff informed Defendant that she never attended the school.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23 At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1): | Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming location information |
| §§ 1692b(3): | Contact of Third Party: Contact a person more than once, unless requested to do so |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692e(11): | Communication fail to contain the mini-Miranda warning "This is an attempt to collect a debt…communication is from a debt collector" |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Oxford Management Services, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: **December 9, 2009**

BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff